IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABDULLAH HANEEF IBN-SADIIKA, :
:
    Petitioner :
:
                                                   CIVIL NO. 3:19-CV-1066
v. :
:
                                                   (Judge Caputo)
LELAND WARREN LIPSCOMB, et :
al., :
:
    Respondents :

## MEMORANDUM

Petitioner Abdullah Haneef Ibn-Sadiika[1] is a state prisoner proceeding *pro se* in a habeas corpus action pursuant to 28 U.S.C.§ 2241. The case is before the Court for screening. For the reasons explained below, the Court will dismiss the Petition pursuant to Rule 4 of the Rules Governing § 2254 cases for failing to state a federal claim and will grant Mr. Ibn-Sadiika thirty days within which to file an all-inclusive habeas petition.

I.    **Screening the Petition**

The Rules Governing Section 2254 Cases in the United States District Court (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a

---

[1] According to the Pennsylvania Department of Corrections (DOC) online Inmate/Parolee Locator, the correct spelling of Petitioner's name is Abdulah Ibn-Sadiika. He is also known as Leland Lipscomb. *See* http://inmatelocator.cor.pa.gov (search AP8980, last visited Feb. 25, 2020); *see also* ECF No. 1 at 2.

preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits tha the petitioner is not entitled to relief in the district court..." Habeas Rule 4. Habeas Rule 2(c) requires that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petition under 28 U.S.C. § 2242.

Habeas Rule 2(c). Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, Advisory Committee Notes, 1976 Adoption. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

## II. Discussion

Mr. Ibn-Sadiika is incarcerated at the Huntingdon State Correctional Institution in Huntingdon, Pennsylvania. He is serving a life sentence following his February 7, 1986, conviction for first-degree murder in the Court of Common Pleas of Allegheny County. *See Commonwealth v. Haneef Ibn-Sadiika*, 526 A.2d 1233 (Pa. Super. 1987) (unpublished memorandum). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on October 1, 1987. *Commonwealth v. Ibn-Sadiika*, 532 A.2d 1137 (Pa. 1987). He then filed a motion for post-conviction relief which was denied. *See*

*Commonwealth v Ibn-Sadiika*, 913 A.2d 942 (Pa. Super. 2006) (unpublished memorandum).

Prior to his state charges, a grand jury indicted Mr. Ibn-Sadiika in the United States District Court for the Northern District of West Virginia. *See* ECF No. 1 at 27 – 35. The grand jury indicted Mr. Ibn-Sadiika, who then went by the name Leland Warren Lipscomb, on one count of conspiracy to commit bank robbery and four counts of possession of altered firearms. On March 4, 1975, Mr. Ibn-Sadiika entered a plea of not guilty to all five counts. The trial court directed his committed to the Medical Center for Federal Prisoners for a complete mental examination. (*Id.* at 32.) On June 4, 1975, Mr. Ibn-Sadiika withdrew his earlier plea to counts IV and V and entered a plea of guilty to those same counts. (*Id.* at 33.) On August 7, 1975, Mr. Ibn-Sadiika was committed sentenced to a 10-year term of imprisonment on count IV and on count V. The Court ordered his sentences to run concurrently. Counts I through III were dismissed. (*Id.* at 34.) The Court also found Mr. Ibn-Sadiika had violated terms of his probation imposed on March 16, 1973 by the United States District Court for the Canal Zone, Balboa Division. He was sentenced to a term of two years' incarceration for the violation. The sentence was to run concurrently with his sentences imposed in the Northern District of West Virginia. (*Id.*)

Mr. Ibn-Sadiika filed his 58-page, single spaced typed habeas petition on June 21, 2019. (ECF No. 1.) Shortly thereafter he filed a Supplement to his petition. (ECF No. 7.) In August 2019 he filed a second amendment to his petition. (ECF No. 14.) Three more supplements followed. (ECF Nos. 19, 20, 21 and 23.) Named as Respondents are Leland Warren Lipscomb; the United States; Superintendent Kevin Kauffman; and the Pennsylvania Attorney General.

The Court finds it difficult, if not impossible, to understand Mr. Ibn-Sadiika's allegations. Looking through the confusing and rambling pages of the Petition, and supplements, the Court is unable to determine, with any specificity, the claims raised, let alone the arguments supporting those claims. What the Court can glean from the Petition is that Mr. Ibn-Sadiika appears to suggest that he has been falsely imprisoned "as <u>surety</u> from February 6, 1975 to present". (ECF No. 19, 2 -3.) He does not clearly identify the conviction that he challenges or the alleged constitutional violation. It is possible that he is challenging his current state confinement or past federal convictions. Accordingly, the Court cannot make a preliminary determination as to whether the Petition should be summarily dismissed or a Show Cause Order issued. Therefore, the Court will direct Mr. Ibn-Sadiika to file an amended habeas corpus petition.

An appropriate order follows.

**Date: February 25, 2020**         /s/ A. Richard Caputo
                                    **A. RICHARD CAPUTO**
                                    **United States District Judge**