**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDULLA HANEEF IBN–SADIIKA,** | : | |
| | : | **CIVIL ACTION NO. 3:19-1066** |
| **Petitioner** | : | **(Judge Mannion)** |
| **v.** | : | |
| | : | |
| **LELAND WARREN LIPSCOMB,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

**MEMORANDUM**

Petitioner is state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner's amended petition is presently before the court for screening. For the reasons that follow, the amended petition will be dismissed for lack of jurisdiction.

I.   **Background**

A.   **Procedural History**

Petitioner Abdullah Haneef Ibn-Sadiika, also known as Leland Warren Lipscomb, and Leland Warren Jackson, is a state prisoner housed at the Huntingdon State Correctional Institution ("SCI-Huntingdon") in Huntingdon, Pennsylvania. He filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. §2241 and then several supplements. (Docs. 1, 14, 16, 19, 20–23). On February 25, 2020, the court screened Petitioner's filings. *See Ibn-Sadiika*, No. 3:19-CV-1066, 2020 WL 917255 (M.D. Pa. Feb. 25, 2020). The court found Petitioner's pleadings unclear as to whether he challenged his state or federal conviction and what made his conviction unconstitutional requiring habeas relief. (*Id.*) The court required Petitioner to file a clearer, all-inclusive, amended petition. (*Id.*) Petitioner filed his amended petition on March 16, 2020, and a supplement a few weeks later. (Docs. 27–28).

### B.    Petitioner's Criminal History

Petitioner stands convicted of first-degree murder and is serving a life sentence imposed by the Court of Common Pleas of Allegheny County, Pennsylvania. *See Commonwealth v. Haneef Ibn-Sadiika*, 526 A.2d 1233 (Pa. Super. 1987) (unpublished memorandum). The Pennsylvania Supreme Court denied his petition for allowance of appeal on October 1, 1987. *Commonwealth v. Ibn-Sadiika*, 532 A.2d 1137 (Pa. 1987). In 2006, Petitioner filed an unsuccessful motion for post-conviction relief. *See Commonwealth v Ibn-Sadiika*, 913 A.2d 942 (Pa. Super. 2006) (unpublished memorandum).

Petitioner's filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 that was dismissed on May 16, 2001 and on June 3, 2002 a

certificate of appealability was denied by the Third Circuit Court of Appeals. *See Ibn-Sadiika v. Vaughn*, 2:01-cv-0710 (W.D. Pa.).[1] The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *See Ibn-Sadiika v. Vaughn*, No. 01-2420 (3d Cir., May 30, 2002). Since then Petitioner has filed several applications to file a second and successive habeas petition under 28 U.S.C. §2254. The most recent was denied by the Third Circuit on September 8, 2016. *See In re: Abdullah Ibn-Sadiika*, No. 16-3143 (3d Cir. Sept. 8, 2016).

Prior to his current state conviction, a grand jury indicted Petitioner in the United States District Court for the Northern District of West Virginia. *See* Doc. 1, 27–35. The grand jury indicted Petitioner, who then went by the name Leland Warren Lipscomb, on one count of conspiracy to commit bank robbery and four counts of possession of altered firearms. On March 4, 1975, Petitioner entered a plea of not guilty to all five counts. The trial court directed Petitioner be committed to a medical center for federal prisoners for a complete mental health examination. (*Id.*, 32). On June 4, 1975, Petitioner withdrew his earlier not guilty plea to counts IV and V and entered a plea of

---

[1] The court takes judicial notice of the electronic docket in Petitioner's habeas case and subsequent appeal, both of which are available to the public via the Public Access to Court Electronic Records ("PACER") service maintained by the Administrative office of the U.S. Courts, found at https://pacer.uscourts.gov/. (last visited 08/27/20).

guilty to those same counts. (*Id.*, 33). On August 7, 1975, Petitioner was sentenced to a 10-year term of imprisonment on counts IV and V. The court ordered the sentences to run concurrently and the prosecution dismissed the remaining counts. (*Id.,* 34). Noting that Petitioner violated the terms of his probation imposed on March 16, 1973 by the United States District Court for the Canal Zone, Balboa Division, the trial court imposed a two-year term of imprisonment for the violation. The sentence was set to run concurrent to Petitioner's Northern District of West Virginia sentence. (*Id.*)

### C.    Allegations of the Amended Habeas Petition

In his amended petition, Petitioner "does hereby amend the pleading entitled ex parte petition for writ of habeas corpus ad subjiciendum and hereby entitles the pleading by this amendment as 'ex parte complaint in rem and in personam[.]'" (Doc. 27). Pages of the amended petition are devoted to discussions of a self-drafted 1972 security agreement between himself and his alias. *See* Doc. 1, 37. Petitioner invokes this court's original jurisdiction pursuant to 28 U.S.C. §1333, relating to admiralty and maritime cases. (*Id.*, 2). He charges "Defendant United States of America" and "Leland Warren Lipsomb©™" of fraudulent conversion and conveyance of his private

property for monetary gain. (Doc. 27, 3–4). As relief, Petitioner seeks more than $10,000,000.00 in attorney fees and damages. (*Id.*, 17–18).

## II.   **Standard of Review**

This matter is before the Court for screening. *See* 28 U.S.C. §2243. The Petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (applicable to §2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

III.   **Discussion**

    A.   **Petitioner Cannot Challenge his State First-Degree Murder Conviction via 28 U.S.C. §2241**

Petitioner has brought his claims pursuant to 28 U.S.C. §2241. Section 2241 confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), the Third Circuit held that a convicted state prisoner must bring his habeas claims pursuant to §2254 and not §2241. *Id.* at 484-85.

Petitioner's reliance on §2241 is misplaced in this case. Any challenge to his Allegheny County Court of Common Pleas conviction must proceed under §2254 because he is challenging the execution of his state sentence. *See Washington v. Sobina*, 509 F.3d 613, 618 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of §2254 rather than §2241."); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005)

6

(nonprecedential) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of §2254 and may not proceed under §2241.").

Notably, the court is without jurisdiction to construe his §2241 petition as one arising under §2254 due to petitioner's prior §2254 petition. 28 U.S.C. §2244(b)(1) provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Furthermore, before Petitioner may file a second or successive 28 U.S.C. §2254 habeas petition raising new claims, he must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. §2244(b)(3)(A). Petitioner has not obtained an order from the Third Circuit Court of Appeals authorizing this petition. When a petitioner does not have that authorization from the appropriate court of appeals, §2244 "deprive[s] the District Court of subject matter jurisdiction to hear" the successive habeas claims. *Benchoff v. Colleran*, 404 F.3d 812, 820 (3d Cir. 2005). Finally, due to the lack of clarity of the amended petition, the court will not exercise its discretion under 28 U.S.C. §1631 and transfer this matter to the Third Circuit Court of Appeals as an application for permission to file a second or successive petition.

Accordingly, the amended habeas petition and supplement will be summarily dismissed.

**B.    Petitioner's Contract Claims for Monetary Damages are Not Cognizable in a Federal Habeas Corpus Action**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor," condition of confinements claims, or requests for monetary damages are not cognizable in a habeas petition as they "would not alter [the length of] his sentence or undo his conviction. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Amerson v. United States,* 550 F. App'x 603, 604 (10th Cir. 2013) ("The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally."); *see also Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (affirming dismissal of §2241 habeas petition claiming the United Commercial Code provided a basis of habeas relief).

Consequently, to the extent Petitioner seeks monetary damage for alleged contract issues, the court will dismiss those claims for lack of jurisdiction. A separate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 3, 2020**

19-1066-01

9